## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) **Chapter 11** |
| **US FIDELIS, INC.,** | ) **Case No. 10-41902-705** |
| | ) **Honorable Charles E. Rendlen** |
| Debtor. | ) |
| | ) |
| | ) |
| **OFFICIAL COMMITTEE OF UNSECURED** | ) |
| **CREDITORS FOR US FIDELIS, INC.,** | ) |
| | ) **Adversary No. 10-_____** |
| Plaintiff, | ) |
| | ) |
| **v.** | ) |
| | ) |
| **DARAIN ATKINSON, an individual,** | ) |
| | ) |
| **CORY ATKINSON, an individual,** | ) |
| | ) |
| **MIA ATKINSON, an individual,** | ) |
| | ) |
| **HEATHER ATKINSON, an individual,** | ) |
| | ) |
| **ATKINSON REALTY, L.L.C., a Missouri limited** | ) |
| **liability company,** | ) |
| | ) |
| **DC ATKINSON REALTY, L.L.C., a Missouri** | ) |
| **limited liability company** | ) |
| | ) |
| **MEPCO FINANCE CORPORATION, a Michigan** | ) |
| **corporation,** | ) |
| | ) |
| **BENITA BRUNO, an individual,** | ) |
| | ) |
| **PRESTIGE ADMINISTRATION, INC., an Arizona** | ) |
| **corporation,** | ) |
| | ) |
| **DAVID O. RUCKER, an individual,** | ) |
| | ) |
| **THE STATE OF MISSOURI, ex rel., Chris Coster,** | ) |
| **Attorney General,** | ) |
| | ) |
| **FRISCH MASONRY, INC., a Missouri corporation,** | ) |
| | ) |
| **POOL TRON, INC. , a Missouri corporation,** | ) |
| | ) |
| **STONE FABRICATORS, INC., a Missouri** | ) |
| **corporation,** | ) |

WATERHOUT CONSTRUCTION COMPANY, INC. , a Missouri corporation,

WM. J. ZICKEL COMPANY, a Missouri corporation, and

WILLIAMS TILE & MARBLE, INC., a Missouri corporation

     Defendants.

## COMPLAINT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR US FIDELIS, INC. SEEKING EXTENSION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(a) AND FOR INJUNCTIVE RELIEF PURSUANT TO 11 U.S.C. § 105(a)

**COMES NOW** the duly-appointed Official Committee of Unsecured Creditors (the "Committee") for US Fidelis, Inc., the above-captioned debtor and debtor-in-possession ("Debtor"), by and through counsel, and hereby files this Complaint. In support of this Complaint, the Committee states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b) as this matter arises in, under and is related to a pending bankruptcy case. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This adversary proceeding is initiated pursuant to Federal Rules of Bankruptcy Procedure 7001(7) and 7001(9) and the relief requested herein may be ordered pursuant to Federal Rule of Bankruptcy Procedure 7065 and 11 U.S.C. §§ 362 and 105(a).

### PARTIES

#### A.    Debtor and Committee

4. The Debtor (f/k/a National Auto Warranty Services, Inc.) commenced its case on March 1, 2010 (the "Petition Date") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.     On March 11, 2010, the United States Trustee appointed the Committee to represent the interests of all unsecured creditors in Debtor's bankruptcy case.  The members of the Committee are: (i) Capital Assurance Risk Retention Group (CARRG), in receivership; (ii) Ashcroft Law Firm; (iii) Coleman Consulting ; and (iv) Rhoderick Beery III.

**B.     Atkinson Related Defendants**

6.     Darain Atkinson ("Darain") is an individual residing in Lake St. Louis, MO.  Darain owns 50% of the issued and outstanding stock in the Debtor.  Darain is a member of the Debtor's Board of Directors, and, upon information and belief, Darain is, or was, President of the Debtor.

7.     Defendant Mia Atkinson ("Mia") is Darain's wife.  She also resides in Lake St. Louis, MO.

8.     Cory Atkinson ("Cory")  is an individual who resides in Wentzville, MO.   Cory owns 50% of the issued and outstanding stock in the Debtor.  Cory is a member of the Debtor's Board of Directors, and, upon information and belief, Cory is, or was, an officer of the Debtor.

9.     Defendant Heather Atkinson ("Heather") is Cory's wife.  She also resides in Wentzville, MO.

10.     Atkinson Realty, L.L.C. ("Atkinson Realty") is a Missouri limited liability company. Upon information and belief, the only members of Atkinson Realty are Darain and Cory.

11.      DC Atkinson Realty, L.L.C. ("DC Realty") is a Missouri limited liability company. Upon information and belief, the only members of DC Realty are Darain and Cory.

12.     Darain and Cory shall sometimes collectively be referred to as the "Atkinson Brothers". Darain, Mia, Cory, Heather, Atkinson Realty, and DE Realty shall sometimes collectively be referred to as the "Atkinson Parties".   All assets owned directly or indirectly by any of the Atkinson Parties shall sometimes collectively be referred to as the "Atkinson Parties' Assets".

**C.     Mepco**

13.     Mepco Finance Corporation ("Mepco") is a Michigan corporation.  Mepco has asserted a claim against the Debtor in excess of $17 million as of the Petition Date, and it holds limited guaranties

signed by the Atkinson Brothers wherein they each personally guaranteed a portion of the indebtedness due to Mepco from the Debtor (the "Guaranties").

### D. Class Action and Other Litigation

14. Benita Bruno ("Bruno") is an individual who resides in the State of Michigan. Bruno is the plaintiff in litigation captioned *Bruno v. US Fidelis, Inc., et al.*, Case No. 10-10169, pending in the United States District Court for the Eastern District of Michigan (the "Bruno Litigation"). The Bruno Litigation was filed against Debtor, Darain, and Cory before the Petition Date.

15. Prestige Administration, Inc. ("Prestige") is an Arizona corporation. Prestige is the plaintiff in litigation captioned *Prestige Administration, Inc. v. US Fidelis, Inc., et al.*, Case No. 09-01804, pending in the United States District Court for the District of Arizona (the "Prestige Litigation"). The Prestige Litigation was filed against Debtor, Darain, Mia, Cory, Heather, Mepco and Crescent Manufacturing Company, LLC before the Petition Date.

16. David O. Rucker ("Rucker") is one of the plaintiffs in class action litigation captioned *Rucker, et al., v. US Fidelis, Inc., et al.*, Case no. 09-00670, and pending in the United States District Court for the Eastern District of Missouri (the "Rucker Litigation"). The Rucker Litigation was filed against Debtor, Darain, and Cory before the Petition Date.

17. The State of Missouri ("State of Missouri") is the plaintiff in litigation captioned *State of Missouri ex rel. v. National Auto Warranty Services, Inc., et al.*, Case No. 0811-CV02002, and pending in the Circuit Court for the County of St. Charles, State of Missouri, 11th Judicial Circuit (the "First State Litigation"). The First State Litigation was filed against Debtor, Darain, and Cory before the Petition Date.

18. The State of Missouri is also the plaintiff in litigation captioned *State of Missouri ex rel. v. US Fidelis, Inc., et al.*, Case No. 09AC-CC00237, and pending in the Circuit Court for the County of Cole, State of Missouri, 19th Judicial Circuit (the "Second State Litigation"). The Second State Litigation was filed against Debtor, Darain, and Cory before the Petition Date.

19.     The Bruno Litigation, the Prestige Litigation, the Rucker Litigation, the First State Litigation, and the Second State Litigation shall sometimes be collectively referred to as the "US Fidelis Related Litigation" and the plaintiffs in the US Fidelis Related Litigation shall be referred to as the "Related Litigation Plaintiffs".

### E.        Mechanic's Lien Claimants

20.     Darain and Mia are building a large residence (the "Residence") in St. Charles County, Missouri.  From a review of the Debtor's statement of financial affairs, it appears that the Debtor directly paid for much of the construction work on the Residence from the Debtor's funds.  Recently, a number of mechanic's liens have been filed against the Residence.

21.     A summary of the mechanic's liens on the Residence filed to-date is as follows:[1]

| Claimant | Date Filed | Amount |
| --- | --- | --- |
| Frisch Masonry, Inc., a Missouri corporation | January 22, 2010 | $238,604.00 |
| Pool Tron, Inc., a Missouri corporation | February 11, 2010 | $190,332.87 |
| Stone Fabricators, Inc. a Missouri corporation | March 16, 2010 | $38,784.25 |
| Waterhout Construction Company, Inc., a Missouri corporation | March 9, 2010 | $136,188.75 |
| Wm. J. Zickel Company a Missouri corporation | March 9, 2010 | $147,219.00 |
| Williams Tile & Marble, Inc., a Missouri coloration | March 22, 2010 | $26,400.00 |

22.     The above mechanic's lien claimants shall collectively be referred to as the "Mechanic's Lien Claimants".

---

[1] Another mechanic's lien claimant, Elastizell of St. Louis, Inc. has also filed a mechanic's lien.  Thompson Coburn LLP represents Elastizell of St. Louis, Inc. on other unrelated matters, so it has been omitted from this litigation solely because of Rule of Professional Conduct 1.7(a).

## BACKGROUND

### A.  The Atkinson Brothers' Liability to Debtor

23.     According to Debtor's Schedule B, Darain owes $28,247,854.48 to the Debtor and Cory owes $20,475,002.12 to the Debtor.  In addition, Atkinson Realty owes $14,690,716.72 to the Debtor and DC Realty owes $2,303,638.27 to the Debtor.

24.     In addition, upon information and belief, the Debtor and its estate may hold other claims against the Atkinson Brothers and/or certain of the other Atkinson Parties over and beyond the amounts listed on Schedule B.

25.     Collection of the amounts due to the Debtor from the Atkinson Parties and an orderly investigation of any additional claims against the Atkinson Parties are essential to the successful resolution of this bankruptcy case.

### B.  The Defendants

26.     Mepco, the Related Litigation Plaintiffs, and the Mechanic's Lien Claimants (collectively, the "Claimants") all hold claims that are directly related to the conduct of the Debtor and the operations of its business affairs before the Petition Date.  For the reasons set forth below, each of the Claimants should be enjoined from taking any actions to collect from the Atkinson Parties or the Atkinson Parties' Assets.

27.     Mepco should be stayed and/or enjoined under the Bankruptcy Code from enforcing the Guaranties because such enforcement, if not stayed or enjoined, (i) will cause significant interference with, and impairment of, Debtor's efforts to prosecute this bankruptcy case, and/or (ii) will, if a judgment is entered against either or both of the Atkinson Brothers, result in the depletion of the Atkinson Brothers' assets available from which the bankruptcy estate can recover for the benefit of all of Debtor's creditors.

28.     The Related Litigation Plaintiffs should be stayed and/or enjoined under the Bankruptcy Code from prosecuting their pending cases or otherwise collecting any amounts from the Atkinson Parties or the Atkinson Parties' Assets because such efforts, if not stayed or enjoined (i) will cause significant interference with, and impairment of, Debtor's efforts to prosecute this bankruptcy case, and/or (ii) will, if

a judgment is entered against any of the Atkinson Parties, result in the depletion of the Atkinson Parties' Assets available from which the bankruptcy estate can recover for the benefit of all of Debtor's creditors.

29.     For the avoidance of doubt, the Committee affirms that it does not seek entry of any injunction against any governmental unit, including the State of Missouri, from the exercising its police or regulatory powers against the Atkinson Parties, provided that such governmental units should be stayed from collecting any debts, demands, claims, fines or penalties from the Atkinson Parties or the Atkinson Parties' Assets

30.     The Mechanic's Lien Claimants should be stayed and/or enjoined under the Bankruptcy Code from collecting any debts, demands, claims or amounts from Darain or Mia, their respective assets and the Residence because such efforts, if not stayed or enjoined (i) will cause significant interference with, and impairment of, Debtor's efforts to prosecute this bankruptcy case, and/or (ii) will, if a judgment is entered against either or both of Darain or Mia or the Residence, result in the depletion of assets available from which the bankruptcy estate can recover for the benefit of all of Debtor's creditors.

31.     For the avoidance of doubt, the Committee reaffirms that it does not seek an injunction against any other parties holding valid mechanic's liens claims against the Residence from filing such mechanic's liens under R.S. Mo. § 429.080, so long as all current and future Mechanic's Lien Claimants against the Residence shall be stayed from foreclosing on such mechanic's liens under R.S. Mo. § 429.170 or taking any other actions to collect from Darain, Mia, the respective properties, or the Residence until further order of this Court.

## COUNT I
## DECLARATORY RELIEF PURSUANT TO § 362(a) OF THE BANKRUPTCY CODE
### (Against the Claimants)

32.     The Committee restates and realleges the allegations contained in paragraphs 1 through 31 set forth above as if fully set forth herein.

33.     Section 362(a) of the Bankruptcy Code operates as a stay, "applicable to all entities," of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against

the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

34.     The automatic stay of § 362(a) of the Bankruptcy Code should be extended to (a) prevent Mepco from enforcing the Guaranties, (b)  to prevent the Related Litigation Plaintiffs and the Mechanic's Lien Claimants from pursuing any pending litigation or otherwise taking any actions to collect any obligations from the Atkinson Parties or the Atkinson Parties' Assets, and (c) to prevent any other third parties from taking any other actions to collect any obligations from the Atkinson Parties or the Atkinson Parties' Assets.

WHEREFORE, the Committee respectfully requests that this Court enter an Order extending the automatic stay of § 362(a) of the Bankruptcy Code to (a) prevent Mepco from enforcing the Guaranties, (b)  to prevent the Related Litigation Plaintiffs and the Mechanic's Lien Claimants from pursuing any pending litigation or otherwise taking any actions to collect any obligations from the Atkinson Parties or the Atkinson Parties' Assets, (c) to prevent any other third parties from taking any other actions to collect any obligations from the Atkinson Parties or the Atkinson Parties' Assets, and (d) granting such other and further relief as is just and equitable.

### COUNT II
### INJUNCTIVE RELIEF PURSUANT TO § 105(a) OF THE BANKRUPTCY CODE
**(Against the Claimants)**

35.     The Committee restates and realleges the allegations contained in paragraphs 1 through 34 set forth above as if fully set forth herein.

36.     Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  Relief under § 105(a) is particularly appropriate when necessary to protect a debtor's ability to effectively confirm a plan and to preserve the property of a debtor's estate.

37.     The Committee herein seeks a preliminary injunction and permanent injunction, pursuant to § 105(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7065, (a) enjoining Mepco from enforcing the Guaranties, (b)  enjoining the Related Litigation Plaintiffs and the Mechanic's Lien

Claimants from pursuing any pending litigation or otherwise taking any actions to collect any obligations from the Atkinson Parties or the Atkinson Parties' Assets, and (c) to enjoining any other third parties from taking any other actions to collect any obligations from the Atkinson Parties or the Atkinson Parties' Assets,

38.     Unusual circumstances exist that demonstrate that such an injunction should issue.

39.     As set forth in more detail above, absent such an injunction the bankruptcy estate will suffer irreparable harm because such actions, if not stayed or enjoined, (i) will cause significant interference with, and impairment of, Debtor's efforts to prosecute its bankruptcy case, and/or (ii) will result in the depletion of the Atkinson Parties' Assets.

40.     Any harm suffered by the Claimants in delaying their ability to pursue claims against the Atkinson Parties or the Atkinson Parties' Assets is vastly outweighed by the harm that would be suffered by the estate and its creditors if such an injunction did not issue.

41.     Such injunctive relief would not violate the public interest, but would, instead, support the Bankruptcy Code's interest in protecting the interests of creditors.

42.     Accordingly, good cause exists for entry of injunctive relief under § 105 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7065.

WHEREFORE, the Committee respectfully requests that this Court enter an Order granting a preliminary injunction enjoining the Claimants from instituting or continuing any action or legal proceeding against the Atkinson Parties or the Atkinson Parties' Assets, granting a permanent injunction enjoining the Claimants from instituting or continuing any action or legal proceeding against the Atkinson Parties or the Atkinson Parties' Assets until such time as this Court determines that such injunction should dissolve, and granting such other and further relief as this Court deems just and proper.

## COUNT III
## INJUNCTIVE RELIEF PURSUANT TO § 105(a) OF THE BANKRUPTCY CODE
### (Against the Atkinson Parties)

43.    The Committee restates and realleges the allegations contained in paragraphs 1 through 42 set forth above as if fully set forth herein.

44.    Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  Relief under § 105(a) is particularly appropriate when necessary to protect a debtor's ability to effectively confirm a plan and to preserve the property of a debtor's estate.

45.    The Committee herein seeks a preliminary injunction and permanent injunction, pursuant to § 105(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7065, enjoining the Atkinson Parties from transferring or otherwise disposing of any of the Atkinson Parties' Assets without permission from the Court.

46.    Unusual circumstances exist that demonstrate that such an injunction should issue.

47.    As set forth above, the Atkinson Parties owe Debtor over $60 million, and there is a substantial likelihood that the estate possesses additional causes of action against the Atkinson Parties. Any action taken by the Atkinson Parties to transfer or dispose of their assets risks significantly interfering with the estate's ability to recover from the Atkinson Parties for the benefit of all of Debtor's creditors.

48.    Any harm suffered by the Atkinson Parties in prohibiting them from transferring or otherwise disposing of their assets without permission from this Court is vastly outweighed by the harm that would be suffered by the unsecured creditors of Debtor  if such an injunction did not issue.

49.    Such injunctive relief would not violate the public interest, but would, instead, support the Bankruptcy Code's interest in protecting the interests of creditors.

50.    Accordingly, good cause exists for entry of injunctive relief under § 105 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7065.

WHEREFORE, the Committee respectfully requests that this Court enter an Order granting a preliminary injunction enjoining the Atkinson Parties from transferring or otherwise disposing of any of the Atkinson Parties Assets without permission from the Court, granting a permanent injunction enjoining the Atkinson Parties from transferring or otherwise disposing of any of the Atkinson Parties Assets without permission from the Court until such time as this Court determines that such injunction should dissolve, and granting such other and further relief as this Court deems just and proper.

Dated: March 25, 2010
St. Louis, Missouri

Respectfully submitted,

THOMPSON COBURN LLP


By: */s/ David A. Warfield*
    David A. Warfield, ED Mo 4642
    dwarfield@thompsoncoburn.com
    Brian W. Hockett, ED Mo 498697
    bhockett@thompsoncoburn.com
    Allison E. Graves, ED Mo 5217003
    agraves@thompsoncoburn.com
    One US Bank Plaza
    St. Louis, MO 63101
    (314) 552-6000
    Fax (314) 552-7000

Proposed Attorneys for the Official Committee
of Unsecured Creditors